# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Gregory Kelly, | Case No. 2:17-cv-02409-APG-BNW |
| Plaintiff, | |
| v. | **Order re [74]** |
| Randall Mark Hickman, | |
| Defendant. | |

Before the Court is an unopposed motion by plaintiff Gregory Kelly to compel compliance with a subpoena. ECF No. 74. The motion is set for an April 7, 2021 hearing. ECF No. 76.

Kelly is a judgment-creditor who seeks information in aid of his endeavor to satisfy his judgment against defendant Randall Mark Hickman. ECF No. 74. The subpoena he asks the Court to enforce is directed at Iraj Karimi (Hickman's landlord) and appears to be duly issued by the Clerk of Court. ECF Nos. 72 and 74. The subpoena, further, calls for the production of Hickman's rental application, lease agreement, and copies of all rental payments made by, for, or on behalf of Hickman. ECF No. 72 at 3. Kelly claims that Karimi failed to provide a copy of Hickman's rental application, a complete copy of the lease, and copies of rental payments for 2020. ECF No. 74 at 5. He seeks an order compelling Karimi to produce those documents. *Id.*

Rule 69 of the Federal Rules of Civil Procedure provides that a judgment creditor "may obtain discovery from any person—including the judgment debtor—as provided in these rules[.]" Fed. R. Civ. P. 69(a)(2). In federal court "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). To that end, Rule 45 provides "the only discovery method

by which information may be obtained from a nonparty." *Scruggs v Vance*, 2011 WL 6368297, at *10 (E.D. Cal. Dec 19, 2011).[1]

Here, under Rule 69(a)(2) Kelly may properly invoke Rule 45 to obtain discovery from Karimi. The subpoena was served upon Karimi by a nonparty on December 16, 2020, and required a response by January 5, 2021. ECF No. 72 at 3; ECF No. 73. The material sought by the subpoena appears to fall within the broad scope of discovery. Based on Kelly's motion, Karimi has failed to comply.

There are, however, issues with the subpoena. For example, Rule 45 requires personal service of a subpoena, *Prescott v. Cnty. of Stanislaus*, 2012 WL 10617, at *3 (E.D. Cal. Jan. 3, 2012), but it appears from the record that the subpoena was served upon Karimi via U.S. mail. Further, when—as here—a subpoena calls for the production of documents, the place of compliance must be "within 100 miles of where the [subpoenaed] person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A). It appears that Karimi resides in California, ECF No. 74-1 at 15, but the place of compliance is more than 100 miles away in Gilbert, Arizona. ECF No. 72 at 3.

That said, "[a] nonparty's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objections have been waived. *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (D. Nev. 2005) (collecting cases and other authorities). However, "in unusual circumstances and for good cause, the failure to act timely will not bar consideration of objections to a Rule 45 subpoena." *Id.* (citing *McCoy v. Southwest Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002)) (alterations omitted). Unusual circumstances exist when "the subpoena is

---

[1] Rule 45's text speaks only in the defensive context of quashing or modifying subpoenas; it does not speak in the offensive context of compelling compliance with subpoenas. *See* Fed. R. Civ. P. 45(d)(1) (explaining that the court must enforce a party's duty to "take reasonable steps to avoid imposing undue burden or expense" on a deponent); Fed. R. Civ. P. 45(d)(2)(3) (explaining that the court "must quash or modify a subpoena" upon a showing that the subpoena falls into one of four impermissible categories). Still, courts construe Rule 45 to govern motions to compel, too. *See, e.g.*, *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 n.5 (9th Cir. 1983) ("Once the person subpoenaed objects to the subpoena . . . the party seeking discovery must obtain a court order directing compliance.").

overbroad on its face and exceeds the bounds of fair discovery" provided that "the subpoenaed witness is a nonparty acting in good faith." *Id.*

Here, the Court finds that Karimi has waived any objections to the subpoena by failing to lodge those objections with Kelly or this Court. The court finds it significant that, based on Kelly's motion, Karimi received actual notice of the subpoena and seemingly attempted (but failed) to comply. Further, for two reasons, this case does not present the unusual circumstance where there is good cause to consider untimely objections. First, Karimi made no objections, untimely or otherwise. Second, the Court in its discretion finds that the subpoena is not overbroad on its face and nor does it exceed the bounds of fair discovery. Therefore, although the subpoena does not strictly comply with Rule 45, the Court finds that Karimi has waived any objections. Kelly's motion will be granted on this basis.

Additionally, the Court notes that under the District of Nevada's Local Rules "[t]he failure of an opposing party to file points and authorities in response to any motion," except a motion for summary judgment or attorney's fees, "constitutes a consent to the granting of the motion." LR 7-2(d). Here, neither Karimi nor Hickman responded to Kelly's motion, and the motion is granted on this basis, too.

Accordingly,

IT IS ORDERED that plaintiff's motion to compel compliance with subpoena (ECF No. 74) is GRANTED. Iraj Karimi is ORDERED to produce the following documents to plaintiff by April 23, 2021:

- a copy of Randall Mark Hickman's rental application for the lease of the property located at 1438 Golfcrest Place, Vista, California 92081;
- a complete copy of Hickman's lease for the Golfcrest Place property; and
- copies of all payments made by, for, or on behalf of Hickman for the Golfcrest Place property.

IT IS FURTHER ORDERED that the April 7, 2021 hearing is VACATED.

DATED: March 31, 2021.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE