# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Gregory Kelly, | Case No. 2:17-cv-02409-APG-BNW |
| Plaintiff, | |
| v. | **Order re [84]** |
| Randall Mark Hickman, | |
| Defendant. | |

Before the Court is an unopposed motion by plaintiff Gregory Kelly for an order to show cause. ECF No. 84. Kelly seeks to have nonparty Iraj Karimi show cause for his failure to obey a subpoena. *Id.* The Court will deny the motion because it lacks jurisdiction to issue a show-cause order.

Kelly is a judgment-creditor who seeks information in aid of his endeavor to satisfy his judgment against defendant Randall Mark Hickman. ECF No. 74. Kelly obtained from the Clerk of Court a subpoena directed at Hickman's landlord, Iraj Karimi. ECF No. 72. Karimi initially attempted to comply with the subpoena but his production to Kelly was supposedly incomplete. ECF No. 74. Eventually, Karimi stopped returning Kelly's calls and, as a result, Kelly sought an enforcement order from this Court. *Id.*

The Court granted Kelly an enforcement order. ECF No. 82. In its order, the Court identified two objectionable issues with the subpoena. *Id.* at 2. First, the Court noted that Rule 45 may require personal service of a subpoena, but Kelly served his subpoena via U.S. Mail. *Id.* (citing *Prescott v. Cnty. of Stanislaus*, 2012 WL 10617, at \*3 (E.D. Cal. Jan. 3, 2012)). Second, Rule 45 requires that the place of compliance be within 100 miles of where the subpoenaed person resides, is employed, or regularly transacts business, but although Karimi resides in California, the subpoena's place of compliance was more than 100 miles away in Gilbert, Arizona. *Id.* (citing Fed.

R. Civ. P. 45(c)(2)(A)).  Ultimately, however, the Court determined that Karimi waived these issues by failing to timely raise them with Kelly or this Court, *id.* (citing *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (D. Nev. 2005)), and it issued the enforcement order.

Now, Kelly has returned to this Court to seek a show-cause order. ECF No. 84.  Kelly relays that he served the enforcement order upon Karimi via U.S. Priority Mail. *Id.* at 2.  Over the next few weeks following service, Kelly sent Karimi three voicemails, a meet-and-confer letter, and a text message. *Id.*  After Karimi ignored Kelly's warning about returning to this Court for a show-cause order, Kelly filed the underlying motion. *Id.*

The Court must deny Kelly's motion.  "The only authority in the Federal Rules of Civil Procedure to sanction a nonparty to an action for failure to comply with a subpoena is Rule 45(g)." *Molina v. City of Visalia*, 2015 WL 5193584, at *2 (E.D. Cal. Sept. 4, 2015) (citing *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir. 1983)).  Rule 45(g) provides that "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

Here, the place of compliance listed on the subpoena is Gilbert, Arizona.  This city is much farther than 100 miles away from Karimi's address in Carlsbad, California.  Further, Las Vegas, Nevada, is likewise more than 100 miles from Carlsbad.  At bottom, however, the place of compliance for the subpoena is not Las Vegas, Nevada, which means that *this* Court lacks the authority to issue a show-cause order. Fed. R. Civ. P. 45(g).

Further, in reviewing the caselaw related to plaintiff's request, the Court concludes that it erred when it granted Kelly an enforcement order.  The basis for the Court's conclusion is that Rule 45 provides "the serving party" of a subpoena "may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i).  Here, that place of compliance is either in Gilbert, Arizona, or someplace within 100 miles of Karimi's residence in California.  Therefore, the Court had no jurisdiction to enter an enforcement order. *Agincourts Gaming, LLC v. Zynga, Inc.*, 2014 WL 4079555, at *3 (D. Nev. Aug. 15, 2014) ("In short, the place where compliance is required . . . is the Northern District of California, not in this

District. Accordingly, the Court lacks jurisdiction to rule on the pending subpoena-related motions"); *Youngevity Int'l, Corp. v. Smith*, 2017 WL 6418961, at *3 (S.D. Cal. Dec. 15, 2017) ("Absent a transfer, only a court in the district of the place of compliance has jurisdiction to compel compliance, or modify or quash a subpoena."); *BNSF Railway Co. v. Alere, Inc.*, 2018 WL 2267144, at *10 (S.D. Cal. May 17, 2018) ("Since compliance with the subpoena would occur outside of this district, the Court lacks jurisdiction to compel compliance with or to modify the subpoena.").

Accordingly,

**IT IS ORDERED** that plaintiff's motion for an order to show cause (ECF No. 84) is DENIED.

**IT IS FURTHER ORDERED** that the Court's order at ECF No. 82 is VACATED.[1]

DATED: August 20, 2021.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court expresses no opinion on whether Kelly should seek a new subpoena that complies with the 100-mile rule or whether he should try to enforce the operative subpoena in the District of Arizona.